## Curry v. Commonwealth.

(Decided June 27, 1928.)

## Appeal from Livingston Circuit Court.

1. Seduction.—In prosecution for seduction, court did not err in not permitting defendant's witnesses to relate contradictory statements and admissions of prosecutrix as substantive evidence; prosecutrix not being party to action, and her testimony being required to be treated as any other witness'.

2. Criminal Law.—In prosecution for seduction, where conviction was based on practically unsupported evidence of prosecutrix, court's failure to allow cross-examination of prosecutrix to develop pertinent evidence tending to contradict her statements at trial with those theretofore made and otherwise affecting her credibility as a witness held to require a reversal under all circumstances of the case.

CHARLES FERGUSON for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

By a judgment in the Livingston circuit court, Will Curry was sentenced to one year in the state penitentiary on a charge of seduction. Defendant is somewhat younger than the prosecuting witness, who is now about 21 years of age. The latter states defendant had been visiting her for two or three years prior to May, 1925, at which time they became engaged to be married, and the date of the ceremony was set for the following Christmas. For two or three weeks during the month of August of that year an estrangement existed between them, during which time she was visited by a man named Farley, but aside from this defendant visited her constantly; that some time between the 1st and 10th of October he persauded her to have sexual intercourse with him, saying that, as they were going to be married, no harm could come of it; that she loved him, and by reason of their engagement yielded to his solicitations, and this illicit relationship continued at frequent intervals until February, 1926, at which time defendant went to Louisville to secure work. While there he wrote her a letter, which she destroyed, but which referred to their early mar-

riage. He stayed but a short time in Louisville, and on his return refused to marry her and ran away. On cross-examination, she admits that during a part of the time she was engaged to him she was corresponding with other gentlemen in a friendly way, and that while in attendance upon her Farley gave her a pair of knickers, pair of socks, belt, a head band, tie, some stationery, two handkerchiefs, and a pair of gloves. She further admits that some time in October Farley sent her $25 for a Thanksgiving present and later sent her $15 for a Christmas present, and also corresponded with her, but said she had destroyed his letters. Along this time the attorney for defendant asked her numerous other questions as to additional gifts by Farley, and as to the source of a bank account opened by her about the time she admitted receiving the $25 from him and produced a statement of this account amounting to $92.26, which he avowed was created subsequent to that gift and from funds furnished to her by Farley. The court sustained objections to this line of testimony. It also appears that she made no reference to the seduction until the following May, and in answering this question stated that the reason she did not was because she did not know whether or *not she was that way.* (Presumably meaning enciente.) Objection was made to this answer and overruled. Counsel also endeavored to show that she was expecting Farley back in the spring of 1926, and did not make the charge until after she learned of his marriage. The court sustained objection to this. The mother and sisters of prosecutrix testified as to the contents of the letter she had received from defendant referring to their marriage, and two witnesses testified that he had requested them to accompany him and the prosecutrix on a future trip to Marion to be married.

Defendant admits going with the prosecutrix for some time; denies they were sweethearts; denies that they were ever engaged to be married; and denies having sexual intercourse with her; says that in the spring of 1926 she accused him of seducing her and threatened him with prosecution, that he was frightened and ran away; he returned home during the summer of that year, but did not stay; ran away again to Illinois, and in the meantime was married.

Several witnesses testify that prosecutrix was going with other young men at the time she claims she was en-

gaged to defendant. One witness testifies that in the spring of 1926 he saw her and another young man walking down a lane with their arms around each other.; that they sat down and raised an umbrella shielding them from view, and fixed this time as being about two months before her baby was born. Objection was made to this evidence, and it was apparently withdrawn, but later discussed by the attorney for the commonwealth in his final argument to the jury, where, upon objection, the court ruled that the evidence had been withdrawn, but overruled a motion to discharge the jury.

1. Objection is made to the indictment, but it is practically a duplicate to the one approved in Davis v. Commonwealth, 98 Ky. 708, 34 S. W. 699, and this point need not be further discussed.

2. It is argued that the court erred in not permitting the defendant's witnesses to relate contradictory statements and admissions of the prosecutrix as substantive evidence. This point is not well taken. The prosecutrix was not a party to the action, and her testimony must be treated as any other witness'. The court permitted her to be contradicted after laying a proper foundation, and this was correct. However the court seems to have been unduly technical on the cross-examination of the prosecutrix. The prosecution was based mainly on her evidence. She emphasized the fact of an engagement to be married, that it existed several months prior to the seduction, and was the promise upon which she relied in yielding to defendant's solicitations, and yet strange to say she claims to have burned her sweetheart's letters confirming the engagement, a character of missive that is generally retained and cherished by the recipient. Certainly it was not destroyed because she objected to its contents being known, as she claims to have shown it to three or four persons, and the circumstances of its destruction becomes significant when those persons appear to prove its contents. Also her relationship with Farley and her acceptance of gifts from him are not in harmony with the ordinary conduct of a betrothed person, and seem scarcely consistent with such an engagement, especially the substantial gifts of money which she received from him just at the time she claims that the defendant was seducing her. Another coincidence which may be more or less significant is the destruction of all

letters she received from Farley and her other male correspondents. All of this may have occurred innocently, and her version of the transaction may be true and correct, but, as the commonwealth is asking a felony sentence on her practically unsupported evidence, a reasonable latitude should be allowed on her cross-examination in developing pertinent evidence tending to contradict her present statements and otherwise affecting her credibility as a witness, and, under all the circumstances of the case, we feel the court erred in abridging this right. Aside from this, the trial was spirited and rather acrimonious. Many pages of the record are filled with objections, rulings, and exceptions too numerous to mention. The court had a trying experience, and this resulted in some confusion in the rulings. One instance of which is that on the final argument the commonwealth's attorney insisted upon discussing the birth of prosecutrix's baby, claiming this had been admitted in the evidence, until he was corrected by the court. Without noticing other instances that are not likely to occur again, and which, standing alone, would not authorize a reversal, we feel that on the whole case the substantial rights of defendant have been prejudiced, and he should be awarded a new trial.

Wherefore the judgment is reversed, and cause remanded, for proceedings consistent with this opinion.